stip does not directly affect confirmed plan.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Adam L. Williams<br>    Debtor | CHAPTER 13 |
| Specialized Loan Servicing LLC as servicer for The Bank of New York Mellon, f/k/a/ The Bank of New York, successor in interest to JPMorgan Chase bank, N.A. as trustee for Bear Stearns asset Backed Certificates, Series 2006-2<br>    Movant | NO. 18-10120 ELF |
| vs. | 11 U.S.C. Section 362 |
| Adam L. Williams<br>    Debtor | |
| William C. Miller, Esquire<br>    Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. On or before January 31, 2020, the Debtor shall cure all post-petition arrears by making a payment in the amount of **$1,120.39**;

2. Debtor(s) shall maintain post-petition contractual monthly loan payments due to Movant going forward, beginning with the payment due January 1, 2020 in the amount of $1,216.44.

3. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay. In the event of a second default pursuant to the terms of this Stipulation, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay,

4. The stay provided by Bankruptcy Rule 4001(a)(3) is waived with respect to any Court Order approving of this stipulation and/or ordering relief per the terms agreed upon herein.

5. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

6. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

7. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

Date: December 30, 2019     By: /s/ Rebecca A. Solarz, Esquire
Attorney for Movant

Date: 1/7/2020

Michael A. Cataldo, Esquire    Adam Williams
Attorney for Debtor

Date: 1/10/20

William C. Miller, Esquire
Chapter 13 Trustee    NO OBJECTION
*without prejudice to any
trustee rights and remedies.

Approved by the Court this _____ day of _____, 2020. However, the court retains discretion regarding entry of any further order.

Eric L. Frank
Bankruptcy Judge